WELLS *v.* LEE PAPER CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LOSS OF
EYE—EVIDENCE—SUFFICIENCY.

In proceedings under the workmen's compensation act,
evidence that an employee, while engaged in unloading
a car load of lime, got some lime in his eye, which resulted
in loss of sight, and that prior thereto he had had no
trouble with it, was sufficient to sustain an award of
compensation therefor, as against the employer's contention
that there was no accident.

Certiorari to Department of Labor and Industry.
Submitted April 11, 1928. (Docket No. 101.) De-
cided June 4, 1928.

William Wells presented his claim for compensation
against the Lee Paper Company for the accidental loss
of an eye in defendant's employ. From an order
awarding compensation, defendant and the Michigan
Mutual Liability Company, insurer, bring certiorari.
Affirmed.

*L. J. Carey,* for appellants.

*C. S. Carney,* for appellee.

POTTER, J. Plaintiff, employed by the Lee Paper
Company of Vicksburg, Michigan, which was insured
in the Michigan Mutual Liability Company, claiming
to have been injured in the course of his employment
by accidentally getting quick line in his eye, pre-
sented a claim for compensation for the loss of sight
of an eye. From an award of compensation by the
department of labor and industry, defendants bring
certiorari.

Workmen's Compensation Acts, C. J. § 114.
242—Mich.—29.

There is evidence that on Friday, May 6, 1927, plaintiff, with other workmen, was engaged in unloading a car load of lime. It was a windy day. Some lime got in plaintiff's eye. Prior thereto plaintiff had had no trouble with his eye. An eye specialist testified for defendants he did not know what caused the condition suffered by plaintiff. If plaintiff got unslacked lime in his eye defendants' specialist testified it would injure it. There is testimony that the company's physician took particles of lime from plaintiff's eye with tweezers. Defendants contend there was no accident and plaintiff's condition was not the result of the injury complained of. The department of labor and industry found otherwise. There was evidence to sustain the opinion of the department, whose award is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.